# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY, | Case No. 2:17-cv-02456-KJD-CWH |
| Plaintiff, | |
| v. | |
| EFREN ISAAC SOTELO, et al., | **ORDER** |
| Defendants. | |

Presently before the Court is Plaintiff National Casualty Company's motion for extension of time to serve Defendant Efren Isaac Sotelo and for service by publication (ECF No. 12), filed on December 12, 2017. No response has been filed.

Rule 4(e)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that service may be accomplished on an individual, other than a minor, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located and where service is made." In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Rule 4 generally requires personal service of the summons and complaint upon individual defendants. Alternatively, service may be accomplished by leaving the summons and complaint at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion residing therein, or by delivering the summons and complaint to an agent authorized to receive service. *See* Nev. R. Civ. P. 4(d)(6). When personal service proves impossible, Rule 4 provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." Nev. R. Civ. P. 4(e)(1)(i).

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating due diligence in attempting to personally serve the defendant. In evaluating due diligence, courts look to several factors. *See Price v. Dunn*, 787 P.2d 785, 786-87 (Nev. 1990);

*Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).  There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts. *Abreu*, 985 P.2d at 749 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence.  The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records.  Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

Here, Plaintiff has filed an affidavit in support of its motion to serve by publication in which it details diligent efforts to serve Mr. Sotelo, including attempts to serve him personally at multiple last-known addresses, a search of public databases for other possible addresses, and contact with his former associates for further contact information.  Given these efforts, the Court will grant Plaintiff leave to serve Defendant Efren Isaac Sotelo by publication and an extension to the deadline for service.  Plaintiff is advised that service by publication must be made consistent with the provisions of both Federal Rule of Civil Procedure 4(e)(1) and Nevada Rule of Civil Procedure 4(e)(1).

IT IS THEREFORE ORDERED that Plaintiff's motion (ECF No. 12) is GRANTED.

IT IS FURTHER ORDERED that no later than January 2, 2018, Plaintiff must file a proposed order providing a plan for service by publication consistent with Federal Rule of Civil Procedure 4(e)(1) and Nevada Rule of Civil Procedure 4(e)(1).

IT IS FURTHER ORDERED that the deadline to serve Defendant Efren Isaac Sotelo extended to February 5, 2018.

DATED: December 14, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

2