UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONAL CASUALTY COMPANY, a Wisconsin Corporation,<br><br>Plaintiff,<br><br>v.<br><br>EFREN ISAAC SOTELO, an individual; and PHILIP MICHAEL BOUCHARD, an individual,<br><br>Defendants. | Case No. 2:17-cv-02456-KJD-CWH<br><br>**ORDER** |

Before the Court is Defendant Philip Bouchard's Objection to Magistrate's Decision on Motion to Compel and Countermotion for Sanctions (#47) to which Plaintiff National Casualty Company responded (#50), and Mr. Bouchard replied (#55). Because the Court finds that Magistrate Judge Hoffman's decision is not clearly erroneous or contrary to law, Mr. Bouchard's objection is overruled.

**I.     Background**

This discovery dispute arises out of National Casualty's suit seeking a declaration that it is not obligated to provide a defense to Defendant Efren Sotelo in a state court tort case. The parties and the Court are familiar with both the procedural and factual background of this case. Accordingly, the Court will only provide a brief recitation of facts relevant to this motion. National Casualty seeks a declaratory judgment that it does not owe Mr. Sotelo a duty of defense in a corresponding state court case arising out of a car accident. During discovery, Mr. Bouchard moved to compel production of two sets of documents: (1) a full and complete claims file including notes by attorneys and (2) all correspondence between any representative of Cool Air Now and any insurance agent regarding Mr. Sotelo. National Casualty provided part of the

1  requested documentation but withheld the privileged portions. Mr. Bouchard seeks the
2  admittedly privileged information that National Casualty withheld. Magistrate Judge Hoffman
3  held oral argument and denied the motion to compel. He found that National Casualty did not
4  waive attorney-client privilege when it brought this suit and that Mr. Bouchard's motion to
5  compel lacked substantial justification. He then awarded National Casualty its fees under Rule
6  37(a)(5)(B). Mr. Bouchard now objects.

**II.    Legal Standard**

A district judge should only modify or set aside a magistrate judge's order if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72; LR IB 3-1. To be clear, the objecting party's burden is high. Not only must that party persuade the Court that it is indeed correct, but it must also demonstrate that the magistrate's ruling was in clear error. Accordingly, the district judge will affirm the magistrate's decision unless there is a "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r, 979 F.2d 1369, 1370 (9th Cir. 1992).

**III.   Analysis**

Mr. Bouchard has not met his burden to overrule Magistrate Judge Hoffman's ruling. Rule 37(a) governs motions to compel discovery. When the Court denies such a motion, it may award the responding party its expenses in defending the motion as well as reasonable attorney's fees. Fed. R. Civ. P. 37(a)(5)(B). However, the Court must not award fees if the motion to compel was "substantially justified." Id. A motion is substantially justified when reasonable people could disagree whether the responding party must comply with the request. 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2288 (3d ed. 2018). In sum, to avoid sanctions, Mr. Bouchard must demonstrate that reasonable minds could disagree whether National Casualty would have to comply with his request for production of the privileged portions of the insurance file. He claims that the motion to compel was substantially justified because National Casualty waived privilege when it brought this declaratory relief action. He also claims that the dearth of on-point case law proves there is not enough controlling authority to warrant sanctions.

The Court turns first to Mr. Bouchard's argument that National Casualty waived privilege

when it filed this declaratory relief action. Mr. Bouchard contends that National Casualty gathered information during its interactions with its insureds that would prove a duty to defend Mr. Sotelo in his state court case. He claims that National Casualty's counsel must produce this information because it is relevant to whether there is a duty to defend here. In essence, Mr. Bouchard argues that, at best, National Casualty has not been forthcoming with this information and, at worst, that it is lying to evade its coverage obligations. He claims that National Casualty has put these facts at issue in this case and thereby waived privilege. However, a declaratory relief action to clarify an insurer's duty to defend does not—on its own—waive attorney client privilege. See State Farm Mut. Auto. Ins. Co. v. Howard, 296 F.R.D. 692, 697 (S.D. Ga. 2013). Neither does the mere fact that Mr. Bouchard and National Casualty disagree whether there is additional discoverable information does not constitute waiver of attorney-client privilege. U.S. v. Salerno, 505 U.S. 317, 323 (1992) (a party does not forfeit privilege by taking a position that the evidence might contradict).

The only case that has decided this issue found that filing declaratory relief action did not waive privilege. See Howard, 296 F.R.D. 692. But Mr. Bouchard argues that because there is only one case that has dealt with this issue, there was not enough controlling authority to render his motion unjustified. Magistrate Judge Hoffman disagreed. He determined that the reason for the lack of on-point case law was that Mr. Bouchard's motion sought to compel information that was "so clearly privileged" that it "was not even a close call." Tr. of Proceedings at 18:2–3, ECF No. 48. Having reviewed the hearing transcript and the parties' submitted authority, the Court finds no clear error in Magistrate Judge Hoffman's determination that Mr. Bouchard's motion was not substantially justified.

The only remaining question is whether Magistrate Judge Hoffman failed to adequately evaluate whether the awarded fees were reasonable. To support its fee determination, counsel for National Casualty attached a sworn declaration to its response to the motion to compel. Among other things, the declaration outlined National Casualty's efforts to resolve this discovery dispute including its efforts to produce non-privileged information. The declaration also shows counsel's outstanding expenses to defend this motion. Counsel stated that prior to filing his opposition to

the motion to compel, his fees were more than $3,250 and would increase if the Court held oral argument, which it did. See Decl. of Nathaniel Braun at 2–3, ECF 41-1 (Exh. A). At oral argument, Magistrate Judge Hoffman questioned counsel about his expenses and determined that $3,250 was a reasonable award. He did not allow National Casualty to collect the additional expenses it incurred for travel and oral argument. The Court finds no evidence that this award was clearly erroneous or contrary to law. Therefore, the Court will not disturb Magistrate Judge Hoffman's ruling.

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that Mr. Bouchard's Objection to Magistrate's Decision on Motion to Compel and Countermotion for Sanctions (#47) is **DENIED**.

Dated this 2nd day of November, 2018.

_____
Kent J. Dawson
United States District Judge