# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONAL CASUALTY COMPANY, a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>EFREN ISAAC SOTELO, an individual; and PHILIP MICHAEL BOUCHARD, an individual,<br><br>Defendants. | Case No. 2:17-cv-2456-KJD-CWH<br><br>**<u>ORDER</u>** |

Before the Court is plaintiff National Casualty Company's motion to stay case (#62) to which defendant Philip Bouchard responded (#63), and National Casualty replied (#64).

This is an action for declaratory relief. National Casualty seeks a determination that it is not obligated to provide a legal defense to Efren Sotelo in a corresponding state-court case arising out of a 2014 car accident. Although the parties dispute the facts of the car accident, the sole question before this Court is whether Sotelo was a permissive user of the vehicle at the time of the accident. If so, National Casualty must provide him a defense in the underlying case and may also be obligated to indemnify Sotelo. In November, this Court denied National Casualty's motion for summary judgment finding a genuine issue of fact whether Sotelo was insured at the time of the accident. (#59).

National Casualty now moves to stay the case pending the outcome of the state court case, which is scheduled for trial in August of 2019. Ironically, National Casualty argues that this action has become duplicative because the state court will determine the scope of its obligations to Sotelo. In response, Bouchard questions why National Casualty feels this case is duplicative now but was not duplicative at summary judgment, which is a fair question. Bouchard opposes

staying the case and instead argues that National Casualty's reasoning for a stay justifies dismissing the case entirely. Bouchard's argument is not without merit. However, the Court will not dismiss the case sua sponte. Instead, it will stay this case pending the outcome of the parties' trial in state court. At that point, Bouchard may renew his argument to dismiss if he wishes.

The Declaratory Judgments Act does not require the Court to exercise its jurisdiction over declaratory relief actions. On the contrary, the act is "deliberately cast in terms of permissive, rather than mandatory, authority." Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 250 (1952) (Reed, J., concurring). Due to the permissive nature of declaratory relief, it is within the Court's discretion to stay or dismiss an action. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). Three primary factors inform the Court's decision to stay or dismiss: (1) whether the action requires the interpretation of state law; (2) whether the action is a veiled attempt to forum shop; and (3) whether the action is duplicative. Govt. Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998). While not exclusive, these factors provide the Court with meaningful benchmarks against which it measures the necessity of exercising its jurisdiction and providing declaratory relief. Id. at 1225 n.5.

A stay is appropriate here because this case is duplicative and would require this Court to interpret issues of state law. Most important, this action is duplicative and creates the risk of inconsistent rulings between the state and federal courts. The only question before this Court is whether Sotelo was a permissive user under the insurance policy. National Casualty must provide Sotelo a legal defense if Sotelo was a permissive user under the insurance policy at the time of the accident. Relatedly, Sotelo's status as a permissive user under the policy may also trigger National Casualty's duty to indemnify Sotelo. Given that a determination of Sotelo's status under the policy is inescapable in the corresponding state court action, this case is duplicative. Considering the risk of inconsistent findings between the state and federal courts, the Court sees fit to stay its determination of these issues until after the parties' trial in state court.

Also supporting a stay is that this case requires the Court to interpret Nevada law. Whether Sotelo was a permissive user under the policy requires the Court to interpret the insurance contract, which is governed by state law. The Court should withhold jurisdiction where

parallel proceedings in state court turn on the same issues as the declaratory relief action. Dizol, 133 F.3d at 1225. Here, the Court must interpret state contract law to determine the rights and obligations under the National Casualty insurance policy. The center of Bouchard's argument is that Nevada law imposes a duty to defend on every insurer so long as there is the mere potential for coverage under the policy. See Century Sur. Co. v. Andrew, 432 P.3d 180, 184 n.4 (Nev. 2018). National Casualty of course rejects such an absolute rule. The Court sees no reason to interpret Nevada law while its own court explores the same issue. See Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366–67 (9th Cir. 1991) (there is a presumption that an entire suit should be heard in state court where the declaratory relief action present parallel issues of state law).

Accordingly, **IT IS HEREBY ORDERED** that plaintiff National Casualty Company's motion to stay case (#62) is hereby **GRANTED**, and the case shall be stayed pending the determination of the underlying action in state court.

Dated this 3rd day of April, 2019.

_____
Kent J. Dawson
United States District Judge