UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONAL CASUALTY CO., a Wisconsin corporation,<br><br>                                        Plaintiff,<br><br>    v.<br><br>EFREN ISAAC SOTELO, an individual; and PHILIP MICHAEL BOUCHARD, an individual,<br><br>                                        Defendants. | Case No. 2:17-cv-02456-KJD-CWH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS** |

      This is an action for declaratory relief with respect to an insurance policy issued by Plaintiff National Casualty Company ("NCC"). Presently before the Court are Defendant Philip Michael Bouchard's ("Bouchard") Motion for Summary Judgment (#74) and Motion to Dismiss (#77). Plaintiff responded (#79/80) to which Defendant replied (#82/85).

      I.      <u>Factual and Procedural History</u>

      In July 2016, Bouchard filed a negligence suit in state court after suffering injuries in a car accident with Efren Sotelo ("Efren"). (#74 at 4). Efren was driving a pick-up truck owned by his father, Juan Sotelo's ("Juan") company Now Services of Nevada, LLC dba Cool Air Now ("Cool Air"). <u>Id.</u> Plaintiff provided commercial automobile insurance to Cool Air. (#1 at 2). The policy covered as insureds the named insured and "anyone else while using with [the named insured's] permission a covered 'auto.'" <u>Id.</u> at 3. Whether Efren was a permissive user of the truck is the main issue in this case. NCC alleges that Efren was not a permissive user because he

was driving a stolen truck after Cool Air fired him two days prior to the accident. Id. Juan filed a police report for the stolen truck on the day of the accident. Id. at 4. Bouchard alleges Efren was a permissive user because his termination paperwork shows that his final day of work would have been after the day of the accident. (#74 ex. 5). Because NCC alleged that Efren did not have permission to use the truck, it did not defend him in the original state court action. (#1 at 4). Efren failed to respond to the complaint and the state court entered default judgment against him. Id. NCC filed this suit seeking declaratory judgment in September 2017. Id. at 5.

This Court stayed the proceedings pending resolution of the state action in April 2019. (#65). The question of whether Efren was a permissive user of the truck and therefore whether NCC owed Efren a duty to defend and indemnify would have been resolved during that trial. Id. at 2. However, Bouchard dismissed Juan and Cool Air the day before trial began. (#80 at 2). Without Juan and Cool Air as parties, the state court could not answer the permissive use question. Id. In April 2019, after receiving the default judgment, Bouchard filed a complaint in state court alleging breach of contract, breach of implied covenants of good faith and fair dealing, and declaratory judgment against NCC, another insurance company, and two law firms. (#87-1). The claims arose from the same set of facts as the original action and NCC's alleged bad faith in not defending Efren. Id.

II.    Legal Standard

Declaratory judgment allows the Court to adjudicate a party's rights or obligations before it seeks a coercive remedy. Seattle Audubon Soc'y v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996). However, the Declaratory Judgment Act does not expand the Court's jurisdiction. Id.; see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950). Rather, a claim for declaratory relief is subject to the same federal jurisdictional requirements as any other case; it

must be "brought by [an] interested party," and it must involve an actual controversy. See 28 U.S.C. § 2201; Moseley, 80 F.3d at 1405. A declaratory judgment action that seeks clarification of an insurer's coverage obligation or duty to defend is ripe for judicial review. See Govt. Emp.s Ins. Co. v. Dizol, 133 F.3d 1120, 1222 n.2 (9th Cir. 1998); AAA Nev. Ins. Co. v. Chau, No. 2:08-cv-00827-RCJ-LRL, 2010 WL 1756986, at *3 (D. Nev. Apr. 30, 2010).

Summary judgment is appropriate where there exists no genuine issue of fact and when the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing the absence of genuine issues of material fact. Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to show specific facts demonstrating a genuine factual dispute for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court makes all justifiable inferences in favor of the nonmoving party. Matsushita, 475 U.S. at 587. However, the nonmoving party may not merely rest on the allegations of his pleadings. Rather, he must produce specific facts—by affidavit or other evidence—showing a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Summary judgment is not appropriate if a reasonable jury could return a verdict for the nonmoving party. Id. at 248.

### III.    Analysis

Defendant filed a motion to dismiss and a motion for summary judgment. The court analyzes each individually.

#### A.  Motion to Dismiss

When determining if a declaratory judgment action should be dismissed, "[t]he Brillhart factors remain the philosophical touchstone for the district court." Dizol, 133 F.3d at 1225. The court has three main considerations: it "should avoid needless determination of state law issues;

it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Id. These factors are not exhaustive, and the district court may make other considerations, such as:

> "Whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations as issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

Dizol, 133 F.3d at 1225 n.5. The Brillhart factors and the additional considerations weigh in favor of not dismissing.

                i.        Needless determination of state law issues

When "parallel state proceedings involving the same issues and parties [are] pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." Id. When NCC filed this suit, there was a parallel state proceeding. To avoid a needless determination of a state law issue, this Court stayed the case pending resolution of the state law claim. However, Bouchard dismissed Juan and Cool Air which prevented the state court from making the necessary state law determination. This case focuses on a single question, whether Efren was a permissive user of the truck on the day of the accident. That question would have been answered had Bouchard continued to trial. Bouchard's actions created a need for this Court to make a determination of state law. The state tort case did not involve the same issues as this federal declaratory action, which centers on the coverage dispute, not liability. As the Ninth Circuit has held, when "the state court case did not include the coverage issue, and because the coverage issue in the federal action [is] not contingent on any further state court proceedings, the district court [finds] good cause to continue to exercise jurisdiction." Am.

Cas. Co. of Reading, Penn. V. Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999). This is not a case in which the federal court is faced with a request for a needless determination of state law issues.

### ii. Forum shopping

"This factor usually is understood to favor discouraging an insurer from forum shopping, *i.e.*, filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." Id. However, defendants can also offend this factor by attempting to restart in state court after the case has proceeded in federal court. See id. By staying the case pending the resolution of the state law action, this Court made sure NCC was not forum shopping. However, Bouchard dismissed certain defendants, obtained a default judgment while avoiding the resolution of the main question, and then filed a similar case in state court. His actions appear to be more of an effort to forum shop than Defendant's as he wishes to proceed in state court after three years of litigation in federal court. This factor weighs in favor of the Court retaining jurisdiction and against dismissing.

### iii. Duplicative litigation

This case is similar to the previously mentioned case Am. Cas. Co. of Reading, PA v. Krieger. 181 F.3d 1113 (9th Cir. 1999). In Krieger, when a motion to dismiss was filed in federal court, "the state court litigation had concluded without deciding the coverage issue before the district court in the declaratory relief action." Id. at 1119. Similarly, the original state action in this case concluded without deciding the coverage issue. The federal court action was not duplicative in Krieger and it is not duplicative here.

### iv. Additional considerations

The additional considerations that the Ninth Circuit permits the district court to look at also weigh against dismissal. A decision in this declaratory action will settle the controversy that

has not been resolved during this three-year-long litigation process. It will also clarify the legal relations at issue. Additionally, the Court does not find any evidence that NCC filed this case to obtain a *res judicata* advantage.[1] Retaining jurisdiction in this declaratory judgment action will not result in entanglement between the federal and state court systems as this will answer the question that neither court has been able to answer to date. There is a vast docket in the federal action that has been ongoing since 2017 and a dismissal now would offend judicial economy and promote the waste of judicial resources.

Because the Brillhart factors and additional considerations weigh in favor of this Court retaining jurisdiction, dismissal is inappropriate.

B. Summary Judgment

Defendant's motion for summary judgment fails for the same reason that NCC's motion for summary judgment failed in November 2018. The same genuine issue of material fact exists today that existed three years ago when this case began. Whether Efren was a permissive user of the truck has not come any closer to resolution since the last time this Court ruled on a motion for summary judgment. Because this same genuine issue of material fact exists, summary judgment is improper.

Bouchard also argues that this claim is precluded under *res judicata* principles. For claim preclusion to apply "the following factors must be met: 1) the same parties or their privies are involved in both cases, 2) a valid final judgment has been entered, and 3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." Five Star Cap. Corp. v. Ruby, 194 P.3d 709, 714 (Nev. 2008). Bouchard argues that the

---

[1] While NCC is not seeking a *res judicata* advantage, Bouchard is. In the Court's opinion, this weighs against Bouchard in his motion to dismiss.

- 6 -

default judgment is a judgment on the merits because "the facts alleged in the pleadings will be deemed admitted." Foster v. Dingwall, 227 P.3d 1042, 1049 (Nev. 2010). The Court disagrees. The next line in Foster states: "Thus, during an NRCP 55(b) prove-up hearing, the district court shall consider the allegations deemed admitted *to determine whether the nonoffending party has established a prima facie case for liability*." Id. (emphasis added). A court should only consider the allegations deemed admitted to determine if the nonoffending party has established a prima facie case of liability in a prove-up hearing. This is further supported by the Nevada Court of Appeals, which stated that with a default, "the well-pleaded allegations of a complaint *relating to liability* are taken as true." Seefeldt v. Griffie, 2019 WL 6972230, *2 (Nev. Ct. App. 2019) (quoting VLM Food Trading Int'l Inc. v. Ill. Trading Co., 811 F.3d 247, 255 (7th Cir. 2016)) (emphasis added). The allegations are only taken as true when they relate to liability. Whether Efren was a permissive user of the truck is the main question; liability for the accident is not at issue in this action. The default judgment is silent to the question and claim preclusion is improper. Because Defendant cannot satisfy the final judgment prong of claim preclusion analysis, it is unnecessary to analyze the other two factors.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Philip Michael Bouchard's Motion for Summary Judgment (#74) and Motion to Dismiss (#77) are **DENIED**.

Dated this 23rd day of September, 2020.

_____
Kent J. Dawson
United States District Judge