UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>EFREN SOTELO, *et al.*,<br><br>  Defendants. | Case No. 2:17-cv-02456-KJD-BNW<br><br>ORDER |

Presently before the Court is Defendant Phillip Michael Bouchard's Motion in Limine No. 1 to Exclude Argument of the Duty to Defend (#116). Plaintiff filed a response in opposition (#121). Also before the Court is Defendant's Motion in Limine No. 2 to Prevent Argument or Reference to Sotelo's Arrest and Conviction (#118). Plaintiff filed a response in opposition (#122).

I. Standard

"A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." IGT v. Alliance Gaming Corp., No. , 2008 WL 7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

II. Analysis

  A. Motion to Exclude Duty to Defend

Defendant Bouchard ("Defendant") essentially argues that Plaintiff has waived its right to

a declaration on the duty to defend, by stating in the Joint Pretrial Order that the only issue left for determination was the duty to indemnify. However, Defendant asserts in the Joint Pretrial Order (#106) that the duty to defend is still at issue. See Doc. No. 106 p. 11-12. Accordingly, the Court denies Defendant's motion to exclude evidence or testimony regarding the duty to defend.

### B. Motion to Exclude Evidence of Sotelo's Arrest and Conviction

Defendant Bouchard asserts that this evidence must be excluded because certified copies were not produced timely. See Doc. No. 118, p. 4. However, Defendant only cites Federal Rule of Civil Procedure ("Rule") 37 as grounds for this argument without citing which section or part of Rule 37 applies. The Court presumes that Defendant is referring to Rule 37(c)(1) regarding a failure to disclose or supplement. However, such a failure is excusable if it is harmless. Id.

Here, uncertified copies of the documents were disclosed. Certified copies have been available to Defendant for months. Additionally, Bouchard has not contested the authenticity of the documents. In the underlying state court action, Bouchard marked Sotelo's criminal docket as an exhibit to his deposition and questioned Sotelo about them in 2017. There is simply no prejudice or harm to Bouchard by the Court admitting them now. Further, the Court can take judicial notice of the facts pursuant to Federal Rule of Evidence 201(b)(2). See Liberty Ins. Underwriters Inc. v. Scudier, 53 F. Supp.3d 1308, 1311-12 (D. Nev. 2013). Therefore, the Court denies Defendant's motion to exclude evidence of Sotelo's arrest and conviction.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion in Limine No. 1 to Exclude Argument of the Duty to Defend (#116) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion in Limine No. 2 to Prevent Argument or Reference to Sotelo's Arrest and Conviction (#118) is **DENIED**.

Dated this 4th day of January, 2022.

_____
Kent J. Dawson
United States District Judge